THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mac Babb, Appellant,
 v.
 J. Theron Floyd, Jr., Respondent.
 
 
 

Appeal From Horry County 
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No.  2005-UP-195
Submitted March 1, 2005  Filed March 18, 2005
Withdrawn, Substituted and Refiled May 19, 2005

AFFIRMED

 
 
 
 Mac Babb, pro se Appellant.
 William A. Bryan, of Surfside Beach, for Respondent.
 
 
 

PER CURIAM:  In this action on a note and guaranty, Mac Babb contests the trial court's order granting J. Theron Floyds motion for summary judgment. We affirm. [1]
Thomas Crowley executed a note with 1st Atlantic Bank on July 17, 1989.  Babb personally endorsed and guaranteed the note.  Crowley subsequently filed for bankruptcy and his liability on the note was discharged. Crowley later reaffirmed his debt by renewing the note with the bank.  Babb again guaranteed the note. Crowley ultimately defaulted.   
Anchor Bank, as successor to 1st Atlantic Bank, brought an action against Babb to recover on Babbs guarantee.  In his answer, Babb denied liability and asserted a third-party complaint against Crowley and Floyd.  Babb alleged he detrimentally relied on a promise by Floyd to pay toward the satisfaction of Crowleys note.  A jury returned a verdict in favor of the bank against Babb and in favor of Babb against Crowley.  The trial court dismissed Babbs action against Floyd pursuant to Rule 40(j), SCRCP.  Babb moved to restore the action against Floyd, and the trial court granted his motion.  Floyd moved for summary judgment, arguing Babb failed to produce a written document evidencing Floyds promise to pay as required by the Statute of Frauds.  The trial court granted Floyds motion.  Babb appeals.    
Babb argues the trial court erred in granting Floyds motion for summary judgment because his detrimental reliance on a promise by Floyd to pay toward the satisfaction of Crowleys note rendered the Statute of Frauds inoperative.  We disagree.  
To establish detrimental reliance on a promise to pay, a party must show he suffered a greater detriment than he would have incurred had the promise to pay not been made.  Wachovia Bank of SC v. Thomasko, 339 S.C. 592, 529 S.E.2d 554 (Ct. App. 2000).  In this case, Babb cannot demonstrate he suffered a greater detriment.  This is because he remained liable on the original note notwithstanding Crowleys bankruptcy.  See AMA Mgt Corp. v. Strasburger, 309 S.C. 213, 420 S.E.2d 868 (Ct. App. 1992) (holding a guarantor is not discharged if the debtor files a petition for bankruptcy).
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.